**David WOJNAROWICZ, Plaintiff,**

v.

**AMERICAN FAMILY ASSOCIATION and Donald E. Wildmon, Defendants.**

**No. 90 Civ. 3457 (WCC).**

United States District Court, S.D. New York.

Sept. 19, 1991.

Kathryn L. Barrett and Berger, Steingut, Tarnoff & Stern (Jonathan A. Olsoff, of counsel), New York City, for plaintiff.

Benjamin W. Bull, Gen. Counsel, American Family Ass'n Law Center, Tupelo, Miss., for defendants.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Plaintiff David Wojnarowicz moves this Court to hold defendants the American Family Association (the "AFA") and Donald E. Wildmon in civil contempt of this Court's Order of September 24, 1990, by reason of their continued dissemination of an AFA pamphlet which that Order enjoined them from disseminating.

### Background

Familiarity with the Court's prior orders and opinions in this case is presumed. Following a one-day, non-jury trial on June 25, 1990, the Court held that defendants had violated plaintiff's rights under the New York Artists Authorship Rights Act, N.Y. Arts & Cult. Aff. Law § 14.03 (Consol.Suppl.1990). In its order of August 8, 1990, the Court enjoined defendants from further dissemination of the AFA pamphlet in question and ordered defendants to distribute a corrective mailing to each of the recipients of the pamphlet. *Wojnarowicz v. American Family Association*, 745 F.Supp. 130, 141 (S.D.N.Y.1990).

Defendants do not contest plaintiff's allegation that on July 30, 1990, they sent a copy of the AFA pamplet in controversy to Ms. Bari Pallis, of Chicago, Illinois. Defendants further acknowledge that on March 26, 1991, they mailed a copy of the same pamplet to Mr. William Wolff of Los Angeles, California in response to an inquiry by Mr. Wolff for information generally related thereto. It is not in dispute that both

mailings contained the very AFA pamplet which this Court enjoined defendants from disseminating.

### Discussion

In deciding whether defendants may be held in civil contempt for their actions, the Court must determine whether defendants have "... diligently attempted in a reasonable manner to comply ..." with this Court's order. *New York State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1351 (2nd Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). After carefully reviewing the affidavits of the parties and having questioned defendant Wildmon at a Court conference held with attorneys for both sides present on June 26, 1991, I find that defendants exercised reasonable diligence in complying with this Court's injunctive order of September 24, 1990.

While the Court is troubled by the mailings and the potential damage that may come to plaintiff therefrom, it finds no "willfulness" on the part of defendants and concludes that the mailings were mistakes from which no malevolence may be presumed. *See Cancer Research Institute v. Cancer Research Society,* 744 F.Supp. 526, 529 (S.D.N.Y.1990). Defendants are, however, adjured to exercise extreme diligence and caution to prevent future violations of this Court's Order. Any additional mailings of the proscribed materials may reflect the callous indifference necessary for a finding of civil contempt.

### Conclusion

For the reasons stated above, plaintiff's motion to hold defendants in civil contempt of this Court's Order of September 24, 1990 is denied. Plaintiff's request that it be awarded its costs and attorneys' fees is also denied.

SO ORDERED.